UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

KENYON KELLY,

          Debtor.

CASE NO. C12-6007 BHS

ORDER AFFIRMING CONTEMPT ORDER

This matter comes before the Court on Appellant James J. O'Hagan's ("O'Hagan") appeal of an order of contempt entered in an ongoing bankruptcy proceeding (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the appeal and the remainder of the file and hereby affirms the order of contempt for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 1, 2012, the Honorable Bryan D. Lynch, United States Bankruptcy Judge, entered an order of contempt against O'Hagan and his agents. ER 261–266. On November 26, 2012, O'Hagan's appeal of that order was transferred to this Court. Dkt. 1. The appeal is now ripe for consideration.

## II. FACTUAL BACKGROUND

The facts of this matter are not in dispute. O'Hagan filed numerous pleadings in state court regarding the underlying bankruptcy proceeding and admits that he took control of the Kenyon Kelly property. ER 255.

## III. DISCUSSION

As a threshold matter, O'Hagan challenges Judge Lynch's ability to proceed in the bankruptcy case. O'Hagan consistently alleges a mass conspiracy of public officials intent on defrauding him. These allegations, however, are nothing more than allegations. O'Hagan has failed to submit any evidence in support of the allegation that Judge Lynch's impartiality can be reasonably questioned. *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Therefore, the Court declines to vacate Judge Lynch's order because of alleged bias.

With regard to the merits, a bankruptcy court's award of sanctions for civil contempt is reviewed under an abuse of discretion standard. *See S & C Home Loans, Inc. v. Farr (In re Farr)*, 278 B.R. 171, 175 (9th Cir. Bankr. 2002). Bankruptcy courts have the authority to enter civil contempt orders for violation of the automatic stay and said orders can be granted by motion. *In re C.W. Mining Company*, 625 F.3d 1240 (10th Cir. 2010).

In this case, Judge Lynch did not abuse his discretion in issuing the contempt order. O'Hagan and his associate willfully violated the automatic stay when they took control of the subject property and attempted to harvest the cranberries on the property. Moreover, O'Hagan readily admits filing numerous documents in state court regarding

the property. Both of these actions directly violate the bankruptcy stay and merit an order of contempt and sanctions. Therefore, the Court affirms Judge Lynch's order and dismisses the appeal.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Judge Lynch's contempt order is **AFFIRMED**.

Dated this 23rd day of January, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge